**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5367-16T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LEMONT O. LOVE,

     Defendant-Appellant.

_____

Submitted January 29, 2019 – Decided March 11, 2019

Before Judges Hoffman, Suter and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 10-09-1289.

Joseph E. Krakora, Public Defender, attorney for appellant (Kevin G. Byrnes, Designated Counsel, on the briefs).

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Nancy A. Hulett, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Lemont Love appeals from a May 31, 2017 Law Division order denying his petition for post-conviction relief (PCR). We affirm.

In 2011, a jury found defendant and his co-defendant, Randy Williams, guilty of second-degree robbery, N.J.S.A. 2C:15-1; second-degree burglary, N.J.S.A. 2C:18-2; and third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1). The trial judge sentenced defendant to an aggregate term of twelve years of imprisonment with an eighty-five percent period of parole ineligibility, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The judge also ordered defendant to serve a five-year term of parole supervision, after completing his prison term.

We briefly summarize the evidence presented at trial. Darin Sloat owed defendant a significant amount of money. On the morning of February 17, 2010, Sloat was staying at a motel in East Brunswick with his girlfriend, K.E., and her ten-month-old son, when defendant and two co-defendants entered the room and attacked Sloat. Defendant stomped and kicked Sloat, co-defendant Randy Williams punched Sloat in the head and neck, and co-defendant Charles Opher punched Sloat in the lower back.

A-5367-16T4

Following the assault, defendant, Williams, and Opher ran out of the motel room, taking Sloat's cell phone with them, and fleeing in a silver Pontiac. After an alert went out for their vehicle, the police apprehended the trio in Spotswood. The police recovered Sloat's cell phone from the vehicle, and testing confirmed the presence of blood on defendant's sneakers. The police transported defendant, Williams, and Opher to the police station, where East Brunswick police also brought Sloat to see if he could identify the persons who assaulted him. As defendant, Williams, and Opher stepped out of the police vehicle, one by one, Sloat identified each one as participating in the assault. Sloat then gave a statement to the police. Sloat testified to these events at trial.

A Middlesex County grand jury indicted defendant, Williams, and Opher on charges of robbery, burglary, and aggravated assault. Opher resolved his charges through a plea agreement, which called for him to testify against defendant and Williams. At trial, Opher testified that he, defendant, and Williams each hit or stomped Sloat. K.E. also testified that she saw all three defendants "kicking [Sloat] and punching him in the head and the back."

On direct appeal, defendant raised the following issues:

> POINT I
>
> THE JUROR'S CONTACT WITH DEFENDANT OUTSIDE THE COURTROOM, IN A SEPARATELY

SECURED HALLWAY, WHILE HE WAS IN HANDCUFFS AND IN THE CUSTODY OF SHERIFF'S OFFICERS, DEPRIVED HIM OF A FAIR TRIAL BY AN IMPARTIAL JURY U.S. CONST. AMEND. XIV; N.J. CONST. (1947) ART. I, [¶] 1, 9, 10.

POINT II

THE PROSECUTOR'S ARGUMENT IN HER CLOSING STATEMENT, THAT THE THEFT COMPONENT OF THE ROBBERY CHARGE WAS RELATED TO AN ATTEMPT TO COLLECT MONEY THAT SLOAT OWED TO LOVE, WAS A THEORY OF ROBBERY THAT WAS NEVER PRESENTED TO THE GRAND JURY. DEFENDANT'S CONVICTION FOR ROBBERY, THEREFORE, MUST BE VACATED.

POINT III

THE COURT'S RESPONSE TO THE JURY'S QUESTION, THAT THEY MAY CONSIDER THE THEFT OF SLOAT'S CELL PHONE AS A LESSER-INCLUDED CHARGE UNDER ROBBERY, WAS CONFUSING AND CONTRADICTORY, AND DEPRIVED DEFENDANT OF A FAIR TRIAL.

POINT IV

BECAUSE THE STATE FAILED TO PRESENT SUFFICIENT FACTS AT TRIAL, DEFENDANT'S CONVICTION FOR ROBBERY MUST BE VACATED.

In his pro se brief, defendant raised the following additional points:

4

POINT I

DEFENDANT WAS DENIED [A] FAIR TRIAL AND DUE PROCESS OF LAW IN VIOLATION OF THE U.S. CONST. AMENDS. V, VI, AND XIV AND N.J. CONST. (1947) ART. I, [¶] 1, 8, 9 AND 10 BECAUSE THE MATERIAL VARIANCE BETWEEN THE GRAND JURY PROSECUTOR'S REPRESENTATION THAT THE FIRST[-]DEGREE ROBBERY WAS BASED ON THE TAKING OF MR. SLOAT'[S] CELLPHONE AND THE TRIAL PROSECUTOR'S REPRESENTATION THAT THE FIRST[-]DEGREE ROBBERY WAS BASED ON MONEY THAT DEFENDANT THOUGHT MR. SLOAT HAD OWED HIM.

POINT II

THE JURY CHARGE WAS PREJUDICIALLY DEFECTIVE BECAUSE THE TRIAL COURT'S INSTRUCTIONS WERE MISLEADING AND CONTRARY TO THE ROBBERY CHARGE DEFENDANT WAS INDICTED FOR. U.S. CONST. AMENDS. V, VI, XIV AND N.J. CONST. (1947) ART. I., [¶] 1, 8, 9 AND 10.

POINT III

DEFENDANT WAS DENIED A FAIR TRIAL AND DUE PROCESS OF LAW IN VIOLATION OF THE U.S. CONST. AMENDS. VI AND XIV AND N.J. CONST. (1947) ART. I., [¶] 1, 8, 9 AND 10 BECAUSE THE MATERIAL VARIANCE BETWEEN THE GRAND JURY PROSECUTOR'S REPRESENTATION THAT THE SECOND[-]DEGREE BURGLARY WAS FOR THE PURPOSE OF ROBBING DARREN SLOAT OF CELL PHONE AND THE TRIAL

PROSECUTOR'S REPRESENTATION THAT THE ROBBERY WAS BASED ON MONEY THAT DEFENDANT THOUGHT MR. SLOAT HAD OWED HIM.

POINT IV

DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN HIS ATTORNEY FAILED TO FILE A CLEARLY MERITORIOUS MOTION TO SUPPRESS THE CELL PHONE WHICH WAS ILLEGALLY SEIZED WITHOUT A SEARCH WARRANT. U.S. CONST. AMENDS. VI, XIV; AND N.J. CONST. (1947) ART. I, [¶] 8, 9, 10.

POINT V

DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL AND NEW TRIAL ON ALL COUNTS IN THE INDICTMENT SHOULD HAVE BEEN GRANTED IN THE INTEREST OF JUSTICE.

POINT VI

THE CUMULATIVE ERRORS IN POINTS I, II, III, IV, AND V, ABOVE THAT OCCURRED DURING THE DEFENDANT'S TRIAL RENDERED THE UNDERLYING TRIAL UNFAIR.

POINT VII

DEFENDANT'S SENTENCE IS ILLEGAL BECAUSE THE COURT FAILED TO CONSIDER WHETHER TO IMPOSE THE DISCRETIONARY EXTENDED TERM PURSUANT TO N.J.S.A. 2C:44-3.

We rejected these arguments and affirmed defendant's convictions and aggregate sentence; however, we remanded for the trial court to merge defendant's aggravated assault conviction into his armed robbery conviction. State v. Love, No. A-5409-10T1 (App. Div. July 31, 2014) (slip op. at 27). Our Supreme Court denied certification. State v. Williams, 220 N.J. 269 (2015).

In March 2015, defendant filed the PCR petition under review. After assigned counsel filed a brief on defendant's behalf, defendant discharged his attorney. On October 20, 2016, the PCR judge heard extensive oral argument from defendant in support of his petition. On May 31, 2017, the PCR judge entered an order denying PCR without an evidentiary hearing, and noted, "This [o]rder will be supplemented by a written opinion." On August 9, 2017, the PCR judge issued a twenty-one page opinion setting forth his reasons for denying PCR. In his opinion, the PCR judge analyzed and rejected each of defendant's claims, and concluded none warranted an evidentiary hearing.

This appeal followed, with defendant presenting the following arguments:

> POINT I
>
> THE DEFENDANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. 1, PAR. 10 OF THE NEW JERSEY CONSTITUTION

A. Trial and Appellate Counsel Improperly Permitted Their Client to be Convicted Without Complete and Accurate Instructions on the Law

1. The Trial Court Erroneously Instructed Jurors that They Could Convict the Defendant of Robbery Based on an Attempted Theft Without an Instruction on that Essential Element of the Crime

2. Trial and Appellate Counsel Should Have Raised the Issue of a Clawans[1] Charge

B. Trial Counsel Failed to Investigate the Case Adequately

C. Trial Counsel Failed to File Defense Motions

1. Trial Counsel Failed to File a Motion to Suppress Evidence

a. The Defendant's Sneakers Should Have Been Suppressed

b. The Cell Phone Seized from Defendant's Vehicle Should Have Been Suppressed

2. Trial Counsel Failed to File a Motion to Dismiss the Indictment Due to Selective Prosecution

POINT II

THE TRIAL JUDGE, WHO HAD PREVIOUSLY BEEN RESPONSIBLE FOR THE PROSECUTION OF

---

1 State v. Clawans, 38 N.J. 162 (1962).

A-5367-16T4

THE DEFENDANT AS THE MIDDLESEX COUNTY PROSECUTOR, SHOULD HAVE RECUSED HIMSELF FROM THE TRIAL

POINT III

THE DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING

POINT IV

THE IMPOSITION OF A FIVE-YEAR PERIOD OF PAROLE SUPERVISION UPON RELEASE FOR THE COMMISSION OF A SECOND-DEGREE CRIME IS ILLEGAL

Defendant also filed a pro se supplemental brief, presenting these arguments:

POINT I

THE DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL IN VIOLATION OF THE SIXTH AMEN[D]MENT TO THE UNITED STATES CONSTITUTION AND ART. 1 PAR. 10 OF THE NEW JERSEY CONSTITUTION

a.    Trial counsel failed to file meritorious motions

1.    Trial counsel failed to file a motion to suppress the cell[]phone found in the defendant's vehicle that belonged to the victim.

2.    Trial counsel failed to file a motion to dismiss the indictment based on selective/malicious prosecution.

POINT II

THE STATE'S MISCONDUCT IN THE
PRESENTATION OF A FALSE CASE TO THE JURY
VIOLATED DEFENDANT'S RIGHTS TO A FAIR
TRIAL IN VIOLATION OF THE SIXTH AND
FOURTEENTH AMENDMENTS TO THE UNITED
STATES CONSTITUTION AND ART. 1 PARS. 1
AND 10 OF THE NEW JERSEY CONSTITUTION

II

We agree with defendant's argument that the trial court should have ordered a three-year period of parole supervision, instead of the five-year term of parole supervision, upon completion of his prison term. We therefore vacate that aspect of defendant's judgment of conviction and direct the court to enter an amended judgment of conviction imposing a three-year period of mandatory parole supervision, upon completion of defendant's prison term. We find no merit in defendant's remaining arguments and affirm substantially for the reasons stated by the PCR judge in his comprehensive written opinion. We add the following comments.

During a pretrial hearing, the assistant prosecutor reported to the trial judge that she had talked to Sloat for the first time since the grand jury proceedings, and he told her, for the first time, that an unidentified female actually owed defendant the money, not Sloat. Sloat essentially claimed that he

brokered a drug deal between the woman and defendant, and that she ripped defendant off, and defendant blamed Sloat for the incident. To his credit, defendant's trial counsel objected, stating the evidence is "highly prejudicial," as the evidence would "tell the jury [defendant] sold some drugs to some girl" and the evidence further "might be related somehow to the motive." The trial judge agreed, and a compromise was made whereby no mention of the female or drugs would occur at trial, but the State could assert that defendant was seeking to collect money from Sloat.

Defendant argues that his trial counsel should have moved for a Clawans[2] charge, "authoriz[ing] defendant to draw an adverse inference against the State during summation based on the State's failure to produce a witness with relevant evidence of the facts . . . ." According to defendant, "[s]ince the girl was the lynchpin of the State's case, the State had an obligation to produce her." However, defendant also asserts that "the defense contended that there was no drug deal, no money owed, and no girl." Defendant's argument is clearly convoluted and meritless – if there was no girl, then there was no witness that the State failed to produce. Moreover, nothing regarding the girl or the drug deal was admitted at trial, invalidating defendant's claim that it was the

---

[2]  State v. Clawans, 38 N.J. 162, 171 (1962).

"lynchpin" of the State's case. In addition, defendant presented no argument as to how he was prejudiced by his counsel's alleged error.

Defendant's petition alleged his trial counsel provided ineffective assistance because he failed to raise the issue of selective prosecution. According to defendant, his trial counsel should have pursued a selective prosecution claim based upon his contention that the attack at the motel was the fault of his girlfriend at the time, J.S., a Caucasian. The PCR judge properly rejected defendant's selective prosecution claim because there was no evidence that J.S. was involved in the robbery. In fact, the judge noted the evidence produced at trial showed that J.S. feared defendant. If defendant wanted to call J.S. as a witness, he could have done so.

Defendant's contention that his trial counsel should have requested an instruction on the law of attempted theft clearly lacks merit. The trial judge did instruct the jury on the crime of attempt, during the instruction on aggravated assault.

Before the PCR judge, defendant also claimed the trial judge should have recused himself because the judge previously served as the Middlesex County Prosecutor from 1998 to 2002, when defendant was prosecuted for other crimes.

The PCR judge correctly rejected this claim since the trial judge did not personally participate in defendant's prior case, which concerned indictments from 1998. Defendant's remaining arguments lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed in part, and vacated and remanded in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5367-16T4